UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALLEN N.,[1]

             Plaintiff,

     v.                                        21-CV-00007-LJV

COMMISSIONER OF SOCIAL                         DECISION & ORDER
SECURITY,

             Defendant.

_____

On January 4, 2021, the plaintiff, Allen N. ("Allen"), brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2]  Docket Item 1. On December 3, 2021, Allen moved for judgment on the pleadings, Docket Item 7, and on May 1, 2022, the Commissioner responded and cross-moved for judgment on the pleadings. Docket Item 8. For the reasons that follow, this Court grants Allen's motion in part and denies the Commissioner's cross-motion.[3]

_____

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Allen applied for Disability Insurance Benefits ("DIB"). One category of persons eligible for DIB includes any adult with a disability who, based on his quarters of qualifying work, meets the Act's insured-status requirements. *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989).

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.*  This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).  "Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

Allen argues that the ALJ erred in two ways.  Docket Item 7-1.  First, he argues that the ALJ erred by failing to incorporate limitations in the opinion of a consultative neurological examiner, Hongbiao Liu, M.D.  *Id.* at 6-10.  Second, he argues that the ALJ

erred by not providing a narrative explanation as to how he arrived at the limitations in Allen's residual functional capacity ("RFC").[4]  *Id.*  This Court agrees that the ALJ erred and, because that error was to Allen's prejudice, remands the matter to the Commissioner.

For claims filed on or after March 27, 2017, such as Allen's, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from [the claimant's] medical sources."  *Angela H.-M. v. Comm'r of Soc. Sec.*, – F. Supp. 3d –, 2022 WL 4486320, at *4 (W.D.N.Y. 2020) (quoting 20 C.F.R. § 404.1520c(a)) (internal quotation marks omitted).  Instead, the ALJ evaluates the opinion evidence and "articulate[s] . . . how persuasive [he] finds the medical opinions in the case record."  *Id.* (citing 20 C.F.R. § 404.1520c(b)).

The Code of Federal Regulations lists five factors for the ALJ to consider when evaluating a medical opinion: (1) the amount of evidence the source presents to support his or her opinion; (2) the consistency between the opinion and the record; (3) the treating provider's relationship with the claimant, including the length, frequency, purpose, and extent of the relationship; (4) the treating provider's specialization; and (5) any other factors that "that tend to support or contradict" the opinion.  20 C.F.R. § 404.1520c(c)(1)-(5).  The ALJ is always required to "explain how [he] considered the supportability and consistency factors" because they are "the most important factors,"

---

[4] A claimant's RFC "is the most [he] can still do despite [his] limitations," 20 C.F.R. § 404.1545, "in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*

and "may, but [is] not required to, explain how [he] considered the [remaining] factors."
*Id.* § 404.1520c(b)(2).

Dr. Liu examined Allen at the request of the "Division of Disability Determination."
Docket Item 6 at 476-78.  He noted that Allen's gait was "[u]nsteady," and he twice
noted that Allen had "[d]ifficulty keeping balance."  *Id.* at 477.  Apparently for that
reason, he opined that Allen "ha[d] a mild to moderate limitation for prolonged walking,
bending, and kneeling."  *Id.* at 478.  And Dr. Liu also found that Allen had a "mild to
moderate limitation for any activity with acute visual acuity because of peripheral vision
impaired [sic]."  *Id.*

The ALJ found that Dr. Liu's opinion was "persuasive, because it [was] supported
by, and consistent with, Dr. Liu's own observations and clinical exam findings."  Docket
Item 6 at 22.  The ALJ then explained that conclusion in some detail, citing specific
findings in Dr. Liu's report.  *Id.*  The ALJ also found that Dr. Liu's opinion was
"consistent with the unremarkable physical examinations in the treating record and
[Allen's] admitted activities of daily living."  *Id.* (citing Docket Item 6 at 494-552, 617-34).
So the ALJ addressed the supportability and consistency factors in appropriate detail,
not only saying that he found Dr. Liu's opinion persuasive but explaining why.

But the ALJ found that Allen could do "light work," which might well be
inconsistent with Dr. Liu's "persuasive" opinion.  *See* Docket Item 6 at 19, 22.  And the
ALJ did not address that inconsistency, either to explain why it was not inconsistent or
to explain why he rejected that part of Dr. Liu's opinion.  That was error requiring
remand.

"Light work" may require "a good deal of walking or standing," 20 C.F.R.

§ 404.1567; in fact, "the full range of light work requires standing or walking, off and on,

for a total of approximately 6 hours of an 8-hour workday."  SSR 83-10, 1983 WL

31251, at *6 (Jan. 1, 1983).  But Dr. Liu found that Allen had an unsteady gait, difficulty

keeping his balance, and a mild to moderate limitation for prolonged walking.  Docket

Item 6 at 478.  And the ALJ did not reconcile that opinion with the RFC—for example,

by explaining how Dr. Liu's opinion, finding that Allen was "unsteady" on his feet and

limiting his "*prolonged* walking," *id.* at 19, 478 (emphasis added), was consistent with an

RFC that by definition may entail "a good deal of walking," 20 C.F.R. § 404.1567(b).

The ALJ said that the limitations in Dr. Liu's opinion were accounted for in Allen's

RFC.  Docket Item 6 at 22.  But without some explanation of that statement, and in light

of the discrepancy just noted, this Court has no idea why the ALJ thinks that is true.

And for that reason, this Court is unable to perform the required meaningful review of

the ALJ's decision.  *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (holding that

an ALJ "must provide an 'accurate and logical bridge' between the evidence and the

conclusion that the claimant is not disabled, so that ' . . . a reviewing court . . . may

assess the validity of the agency's ultimate findings and afford [the] claimant meaningful

judicial review.'") (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)) (third

alteration in original); *see also Laura C. v. Comm'r of Soc. Sec.*, 529 F. Supp. 3d 64, 71

(W.D.N.Y. 2021) (finding that meaningful judicial review was precluded when the Court

was "left to speculate" about the ALJ's reasoning).

The Commissioner argues that even a moderate limitation in walking "can be

found consistent with the full range of light work."  Docket Item 8-1 at 17.  And the

caselaw is anything but clear on whether someone who has trouble walking can do the good deal of walking that light work might entail. *Compare Moe v. Colvin*, 2017 WL 6379239, at *5-6 (W.D.N.Y. Dec. 14, 2017) (remanding case for ALJ to obtain clarification from consultative examiner about his use of the ambiguous phrase "prolonged walking"); *Carroll v. Colvin*, 2014 WL 2945797, at *4 (W.D.N.Y. Jun. 30, 2014) (remanding when ALJ failed to explain, in accordance with SSR 06-03p, how claimant could perform light work despite having moderate limitations in prolonged sitting and standing); *and Girolamo v. Colvin*, 2014 WL 2207993, at *7 (W.D.N.Y. May 28, 2014) ("The terms 'moderately limited' and 'prolonged periods' under the circumstances in this case are vague, as it is not clear to the Court how the ALJ used Dr. Picinich's opinion to assess that Plaintiff was able to perform sedentary work . . . ."); *with Jessica L. V. v. Comm'r of Soc. Sec.*, 2022 WL 17094149, at *5 (W.D.N.Y. Nov. 21, 2022) ("Therefore, Dr. Liu's opinion Plaintiff had up to moderate limitations in prolonged walking is not inherently inconsistent with the demands of light work."); *Rayshown M. v. Comm'r of Soc. Sec.*, 2022 WL 4298263, at *4 (W.D.N.Y. Sept. 19, 2022) ("In fact, courts in this Circuit have repeatedly upheld an ALJ's decisions that a claimant could perform light work when there was evidence that the claimant had moderate difficulties in prolonged standing, walking, sitting, bending, or lifting.") (collecting cases); *Gurney v. Colvin*, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (noting that "moderate limitations . . . are frequently found to be consistent with an RFC for a full range of light work."); *Nelson v. Colvin*, 2014 WL 1342964, at *12 (E.D.N.Y. Mar. 31, 2014) (finding that ALJ's determination that claimant could perform light work was consistent with an assessment of "mild to moderate limitation for sitting, standing, walking, bending, and

lifting weight on a continued basis, especially using the left hand.") (citing *Lewis v. Colvin*, 548 F. App'x 675, 677-78 (2d Cir. 2014) (summary order)); *and Harrington v. Colvin*, 2015 WL 790756, at *13-14 (W.D.N.Y. Feb. 25, 2015) (concluding that ALJ's RFC determination that claimant could sit, stand, and walk for six hours a day was not inconsistent with moderate limitations in sitting, standing, and walking).

Regardless, under the circumstances here this Court finds that because light work might require a good deal of walking, an ALJ must explain why someone who is unsteady on his feet, has difficulty balancing, and has a mild to moderate limitation in prolonged walking can do that work. Without such an explanation, this Court has no way to evaluate the ALJ's conclusion.

In sum, a "mild to moderate" restriction in "prolonged" walking may or may not be consistent with an RFC for light work. But here, this Court has no way of evaluating which is true, since the ALJ did not make a specific finding about how long Allen could walk, and there is nothing in the record clarifying the limitations opined by Dr. Liu. *See Moe v. Colvin*, 2017 WL 6379239, at *5-6 (W.D.N.Y. Dec. 14, 2017). Therefore, remand is necessary so that the ALJ can properly craft an RFC consistent with Dr. Liu's opinion or explain why the RFC he crafted is already consistent.[5]

_____

[5] The Court "will not reach the remaining issues raised by [Allen] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020) ("However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues.") (citations omitted).

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 8, is DENIED, and Allen's motion for judgment on the pleadings, Docket Item 7, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.


SO ORDERED.

Dated:          January 4, 2023
                Buffalo, New York


                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE